[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11616
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00222-JDW-JSS-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LENIN LUGO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 8, 2019)

Before TJOFLAT, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Lenin Lugo appeals his conviction for one count of conspiracy to distribute and possess with intent to distribute five or more kilograms of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a), 70506(a) and (b), and 21 U.S.C. § 960(b)(1)(B)(ii).  First, Lugo contends the Government did not offer sufficient evidence to support his conviction, as the United States Coast Guard (USCG) personnel who interdicted his vessel did not find any direct evidence of cocaine aboard the vessel or recover any contraband jettisoned from the vessel.  Second, Lugo asserts the district court erred in allowing the Government to introduce witness testimony from a jailhouse informant regarding Lugo's confession to the informant absent a sufficient determination of *corpus delicti*, and in denying his motion to suppress, on Sixth Amendment grounds, witness testimony from the jailhouse informant regarding Lugo's confession.  Lastly, Lugo asserts the district court abused its discretion in allowing the Government to introduce testimony from USCG personnel opining that items jettisoned from the go-fast vessel were cocaine bales.  We address each issue in turn, and after review, affirm Lugo's conviction.

## I.  DISCUSSION

### A.  Sufficiency of the Evidence

We review "a challenge to the sufficiency of the evidence and the denial of a Rule 29 motion for judgment of acquittal *de novo*."  *United States v. Chafin*, 808

2

F.3d 1263, 1268 (11th Cir. 2015) (quotations omitted).  We view the facts, and draw all reasonable inferences therefrom, in the light most favorable to the jury's verdict.  *United States v. Clay*, 832 F.3d 1259, 1293 (11th Cir. 2016).

The district court did not err in denying Lugo's motion for judgment of acquittal, as the Government offered sufficient evidence by which a reasonable jury could find Lugo guilty beyond a reasonable doubt.  *See United States v. Holmes*, 814 F.3d 1246, 1250 (11th Cir. 2016) (stating we will uphold the district court's denial of a motion for judgment of acquittal if a reasonable trier of fact could conclude the evidence establishes the defendant's guilt beyond a reasonable doubt).  The Government submitted substantial circumstantial evidence Lugo was trafficking cocaine, including video recordings and testimony showing that:  Lugo and 2 other crewmembers were found idling in the open sea aboard a blue-colored panga-style go-fast vessel, the type typically used by drug smugglers; the crewmembers were wearing gloves and a trash bag; after Lugo spotted a USCG aircraft and pointed it out, the crewmembers combined fuel tanks, poured fuel throughout their ship, and accelerated through the sea while jettisoning objects; and, the jettisoned objects included fuel tanks, a whip antenna, extra layers of clothing, a tarp, small electronic devices, and 15 heavy objects which USCG personnel and Baron testified, based on their observations and experience, appeared to be cocaine bales.  Moreover, the Government offered testimony from

3

Lugo's jail mate, Ivan Jose Baron Palacios (Baron), that Lugo confessed to transporting and jettisoning cocaine, and it was the province of the jury to determine Baron's credibility.  *See United States v. Croteau*, 819 F.3d 1293, 1304 (11th Cir. 2016) ("It is well established that credibility determinations are the exclusive province of the jury.").  As for Lugo's reliance on the negative IonScan samples and his evidence suggesting he was transporting gasoline, the Government offered testimony explaining why a negative IonScan sample did not disprove the presence of cocaine, and this evidence did not preclude a reasonable trier of fact from finding the evidence established Lugo's guilt beyond a reasonable doubt.  *See United States v. Isnadin*, 742 F.3d 1278, 1303 (11th Cir. 2014) (stating it is not necessary the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except guilt, provided a reasonable trier of fact could find the evidence establishes guilt beyond a reasonable doubt).  Sufficient evidence supports Lugo's conviction.

## B.  *Jailhouse Informant Testimony*

### 1.  Corpus Delicti

A conviction must rest upon firmer ground than the uncorroborated admission or confession of the accused.  *Wong Sun v. United States*, 371 U.S. 471, 488-89 (1963).  The Supreme Court, in considering the extent of corroborating evidence necessary to sustain a conviction based on an admission, has held the

4

corroborative evidence need not be sufficient, independent of the admission, to establish the entire *corpus delicti*, but instead only has to corroborate the credibility of the admission itself. *Opper v. United States*, 348 U.S. 84, 93 (1954).

The *corpus delicti* rule is inapplicable as the Government did not rely solely on Lugo's confession to support his conviction, but instead offered video recordings, testimony from USCG personnel, and lay opinion testimony that Lugo possessed and jettisoned cocaine. *See Wong Sun*, 371 U.S. at 488-89. Accordingly, there was sufficient evidence to sustain Lugo's conviction, and the district court did not err or abuse its discretion by allowing Baron to testify as to Lugo's confession.

### 2. *Sixth Amendment*

The district court also did not err by denying Lugo's motion to suppress Baron's testimony regarding his confession on Sixth Amendment grounds. *See United States v. Gari*, 572 F.3d 1352, 1361 (11th Cir. 2009) (reviewing *de novo* a defendant's claim the district court violated his Sixth Amendment rights). Even assuming Baron was acting as a Government agent during his conversation with Lugo, Lugo has not offered any evidence that Baron deliberately elicited any information from Lugo. *See Lightbourne v. Dugger*, 829 F.2d 1012, 1020 (11th Cir. 1987) (stating to establish a Sixth Amendment violation in a jailhouse informant case, the accused must show the informing inmate (1) acted as a

5

government agent and (2) deliberately elicited incriminating statements from the accused).  Baron testified he merely listened to Lugo and did not make any efforts to stimulate conversations about the crime charged or otherwise elicit any information, and Agent Thomas Oates testified he never asked Baron to elicit information from Lugo.  *See Kuhlmann v. Wilson*, 477 U.S. 436, 456, 459 (1986) (explaining deliberate elicitation is more than mere listening, and requires the informant to make efforts to stimulate conversations about the crime charged, and the Sixth Amendment is not violated when, by luck or happenstance, the government acquires incriminating statements from the accused after the right to counsel has attached).  Lugo has offered no evidence to contradict this testimony or to support his conclusory assertion that Baron deliberately elicited information from him.

## C.  *Lay Testimony*

We review for abuse of discretion a district court's decision to admit law-enforcement personnel's lay opinion testimony under Federal Rule of Evidence 701.  *United States v. Jayyousi*, 657 F.3d 1085, 1102 (11th Cir. 2011).  A district court may admit opinion testimony of a lay witness if the testimony is (a) rationally based on the witness's perception, (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge that would qualify

6

the witness as an expert under Federal Rule of Evidence 702.  Fed. R. Evid. 701.

In determining the admissibility of testimony under Rule 701, the central question

is whether the witness's testimony is based on scientific, technical, or other

specialized knowledge, such that it should be governed by Rule 702's expert

testimony requirements rather than Rule 701's lay opinion standard.  *United States*

*v. Williams*, 865 F.3d 1328, 1341 (11th Cir. 2017).

In *Williams*, we approved the admission of lay opinion testimony of USCG

witnesses that the jettisoned objects they saw through a forward-looking infrared

system resembled cocaine bales they had found in previous drug interdictions.  *Id.*

at 1341-42.  We determined that, because the USCG witnesses' opinions were not

based on any scientific or technical knowledge, but instead on their rationally

based perceptions of the size and shape of objects, the district court acted within its

discretion in admitting the testimony under Rule 701.  *Id.*

The district court did not abuse its discretion in admitting lay opinion

testimony from the USCG personnel opining that objects jettisoned from the

go-fast vessel were cocaine bales.[1]  "Rule 701 does not prohibit lay witnesses from

---

[1] To the extent Lugo argues the USCG personnel's opinion testimony is objectionable because it embraces an ultimate issue, that argument fails.  An opinion is not objectionable merely because it embraces an ultimate issue.  *See* Fed. R. Evid. 704(a).  Moreover, the USCG personnel's testimony was based on their personal observations and was helpful to the jury, as it provided insight into the observations and opinions of the USCG personnel who participated in the interdiction of the go-fast vessel.  *See United States v. Campo*, 840 F.3d 1249, 1267 (11th Cir. 2016) (stating lay opinions regarding the ultimate issue in a case are properly admitted if they are based on the personal observations of the witness); Fed. R. Evid. 704, Advisory

testifying based on particularized knowledge gained from their own personal experiences." *United States v. Hill*, 643 F.3d 807, 841 (11th Cir. 2011).  The USCG personnel's lay opinion testimony was admissible under Rule 701 as their testimony was rationally based on the USCG personnel's professional experiences, rather than scientific or technical knowledge.  *See Williams*, 865 F.3d at 1341. Each of the testifying USCG personnel participated directly in the interdiction of the go-fast vessel and testified as to their opinions of what they actually observed, and were entitled to draw on their professional experiences to guide their opinions.[2]  *See United States v. Jeri*, 869 F.3d 1247, 1265 (11th Cir.), *cert. denied*, 138 S. Ct. 529 (2017) (explaining "[l]ay witnesses may draw on their professional experiences to guide their opinions without being treated as expert witnesses"); *United States v. Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999) (stating the opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation).

Lastly, as for Lugo's assertion this testimony should have been excluded because it was speculative and unsupported by the evidence, Lugo does not rely on any legal rule or principle to support this argument.  To the extent Lugo seeks to

---

Committee Note (providing the basic approach to lay opinions is to admit them when helpful to the trier of fact and that Rule 704 specifically abolished the "ultimate issue" rule).

[2] Guillermo Velazquez, the only testifying USCG officer not directly involved in the interdiction in this case, testified in his capacity as an expert.

8

argue this evidence should have been excluded under Federal Rule of Evidence 403, the district court did not abuse its discretion in determining the USCG personnel's opinion testimony, viewed in the light most favorable to its admission, was not overly prejudicial because it was based on the USCG officers' personal observations and experiences and was helpful to the jury, as discussed above. *See* Fed. R. Evid. 403 (permitting a court to exclude relevant evidence if its probative value is substantially outweighed by danger of one or more of the following: "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010) (stating in reviewing issues under Rule 403, we look at the evidence in the "light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact").

## II.  CONCLUSION

The district court did not err in allowing Baron to testify regarding Lugo's confession and did not abuse its discretion in allowing the Government to introduce testimony from USCG personnel opining the items jettisoned from Lugo's vessel were cocaine bales.  Further, sufficient evidence supports Lugo's conviction.  Finding no error, we affirm Lugo's conviction.

**AFFIRMED.**